Filed 5/30/13  P v. Johnson CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>BYRON JOHNSON,<br><br>      Defendant and Appellant. | A137588<br><br>(San Mateo County<br>Super. Ct. No. SC076394) |

Byron Johnson (appellant) appeals from a judgment entered after he pleaded no contest to being a felon in possession of a firearm (a shotgun) (Pen. Code, § 29800, subd. (a)(1)).[1]  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a supplemental brief and did not file such a brief.  Having independently reviewed the record, we conclude there are no issues that require further briefing, and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

An information was filed August 28, 2012, charging appellant with two felony counts of unlawful possession of a firearm (a shotgun and a rifle) with a prior felony conviction (§ 29800, subd. (a)(1)).  The information further alleged that appellant's prior felony convictions rendered him presumptively ineligible for probation (§ 1203, subd. (e)(4)).  The information was based on a search that police conducted, pursuant to a

---

[1]  All further statutory references are to the Penal Code unless otherwise stated.

search warrant, at a residence at which appellant appeared to be living. Although appellant was not the target of the search warrant, a shotgun and a rifle, as well as mail addressed to appellant, were found in the master bedroom of the residence. After being advised of his *Miranda* rights (*Miranda v. Arizona* (1966) 384 U.S. 436), appellant told one of the officers that the firearms belonged to him. The officer who found the firearms opined that both weapons were loaded and capable of shooting. Appellant had two prior felony convictions.

At arraignment, appellant entered a plea of not guilty to both counts and denied the prior conviction allegations. Later, after waiving his *Boykin/Tahl* rights (*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122), he pleaded no contest to one count of unlawful possession of a shotgun (§ 29800, subd. (a)(1), count 1) in exchange for dismissal of the balance of the information. Defense counsel stipulated to the use of the preliminary hearing transcript as the factual basis for the plea. Appellant waived his right to a presentence report and consented to immediate sentencing. The court suspended imposition of sentence and placed appellant on probation for three years. As a condition, the court imposed a two-day county jail term, with a total of two days for time served. The court also imposed standard terms of probation, including a ban on the possession of dangerous weapons, and counseling, treatment and training. The court imposed a $240 restitution fine (§ 1202.4, subd. (b)), a suspended $240 probation revocation fine (§ 1202.44), a $40 court security fee (§ 1465.8), a $30 criminal conviction assessment (Gov. Code § 70373), and a probation supervision fee not to exceed $100 per month (§ 1203.1b).

DISCUSSION

We have reviewed the entire record and conclude there are no arguable issues that warrant further briefing. Appellant has not sought to withdraw his plea, and in any event, there is no clear and convincing evidence of good cause to allow him to do so. Appellant was adequately represented by counsel at every stage of the proceedings. Counsel stipulated to a factual basis for the plea. There was no sentencing error. There are no issues that require further briefing.

**DISPOSITION**

The judgment is affirmed.

_____
McGuiness, P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.